PER CURIAM.
Nelson Ricardo appeals a summary judgment for United Auto Insurance Company on his claim for coverage under an automobile liability policy. We reverse for further proceedings.
On August 4, 2000, United issued a Personal Auto Policy to Ricardo with an effective date of August 4, 2000 to August 4, 2001. In February 2001, Ricardo was involved in a one-car accident in the covered automobile. However, due to the fact that a woman other than his wife was in the car at the time of the accident, Ricardo initially reported that the car was stolen.[1] The true facts of the accident later came to light and Ricardo eventually pled guilty to making a false insurance claim. Later, Ricardo sought coverage under the “collision” portion of the policy, which United rejected, resulting in this suit.
Attached to the Complaint was a copy of what Ricardo believed was a copy of his policy, including a cover page which indicated that it was policy type “UAU 100 (11/99).” However, also attached to the complaint was a computer generated form, apparently created on the date of issuance of the policy number referred to in Ricardo’s complaint, which states: “Endorsements made part of this policy at time of issue: UAU 100 1/98.” Thus even as of the filing of the Complaint, there was at least a facial uncertainty as to whether United initially provided Ricardo with a correct copy of the policy it intended to issue to him.
Subsequently, in the course of discovery in this action United also produced a copy of the 11/99 policy to Ricardo and that policy was used in conjunction with the deposition of United’s representative. This created further confusion as to which policy controlled the facts of this case.
Eventually, United filed a Motion for Summary Judgment. In its Motion, Unit *1258 ed, for the first time took the position that Ricardo’s policy was not the “UAU 100 (11/99)” policy, but was instead the “UAU 100 1/98” referred to in the computer generated form attached to the Complaint. Ascertaining the correct policy is important because the policies contain different language regarding the consequences of misrepresentations.
In analyzing the consequences of fraud in connection with an insurance claim, the insurance policy language must be examined. The Florida Supreme Court has said:
[T]here are different versions of anti-fraud provisions that can be divided into three categories: (1) those that state that any misrepresentation will void the entire policy; (2) those that state that any misrepresentation as to a particular coverage voids coverage under that part; and (3) those that neither reference the “entire policy” nor “this coverage part.”
Flores v. Allstate Ins. Co., 819 So.2d 740, 748 (Fla.2002) (emphasis in original).
Under the “General Provisions” of the 1/98 policy, paragraph 10 states:
MISREPRESENTATIONS AND FRAUD
This policy may be void if “you”: a.) have concealed or misrepresented any material facts or circumstances concerning this insurance or the subject thereof; or b.) in any case of fraud, have attempted fraud or falsely sworn, touching upon any matter relating to this insurance or the subject thereof.
R. 171 (emphasis added). Thus, under the 1/98 policy, United would be entitled to summary judgment because under the quoted policy language, United is allowed to void the policy where the insured has “attempted fraud or falsely sworn, touching upon any matter relating to this insurance or the subject thereof.”
The analysis differs, however, if the 11/99 policy is controlling. It does not contain similar language. The “Misrepresentation and Fraud” language of that policy facially relates only to applications. R. 26.
The trial court granted summary judgment to United based on the language contained in the 1/98 policy and Ricardo has appealed. On appeal, Ricardo claims that there is a question of fact as to which policy was in force and that summary judgment for United was in error on that ground. We agree. It is not clear in the present record which policy was issued to Ricardo and thus which version of the policy is controlling. We therefore reverse and remand for further proceedings to determine which is the correct policy.
United argues alternatively that there is no coverage on account of another exclusion, exclusion 17, which excludes “Loss to your covered auto while it is being used in any illegal activity or fraudulent conduct (other than a traffic violation) in which ‘you’ or a family member are a willing participant.” R. 17 (emphasis in original); see R. 162. The exclusion does not apply because the car was not being used in illegal activity or fraudulent conduct.
For the stated reasons, the summary judgment is reversed and the cause remanded for further proceedings consistent herewith.

. Had this been true, Ricardo would have been entitled to coverage under the "comprehensive” portion of the policy.